IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAKEISHA SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-00178-BL-KFP |
| | ) | |
| MAGNOLIA WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On May 5, 2026, the Magistrate Judge recommended that the court dismiss the Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim. (Doc. 29). The Plaintiff filed objections to the recommendation. (Doc. 32).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

The Plaintiff objects to the Magistrate Judge's conclusions that the Plaintiff failed to state Title VII hostile work environment and retaliation claims, alleging that a coworker recorded her without consent, reached toward her breast while she slept, and that she was later suspended and terminated after reporting this conduct to management.  (Doc. 32 at 1).

The Plaintiff generally asserts that the Magistrate Judge "improperly focuse[d] on the fact that the conduct occurred during a single incident while minimizing the seriousness and threatening nature of the allegations."  (doc. 32 at 2).  The court disagrees.  The Magistrate Judge found that the "Plaintiff has sufficiently alleged the incident was humiliating," but correctly concluded, after addressing the other three factors to measure objective severity, that the Plaintiff "fails to plead the harassment was sufficiently severe or pervasive" and that "the single instance of attempting groping and recording does not rise to the actionable level under Title VII."  (Doc. 29 at 11-12).

The Plaintiff also argues that the Magistrate Judge improperly concluded that she failed to allege sufficient harm.  (Doc. 32 at 2).  She argues that her allegations of emotional distress, humiliation, fear, anxiety, and loss of wages must be accepted as true at the pleading stage, (doc. 32 at 3), and that her "allegations are sufficient to plausibly state a retaliation claim at the pleading stage." (Doc. 32 at 3).  However, the court agrees with the Magistrate Judge's analysis of the Plaintiff's harm allegations.  The Magistrate Judge did not require the Plaintiff to prove emotional harm at the pleading stage.  Rather, the Magistrate Judge accepted that the Plaintiff alleged emotional distress, humiliation, fear, anxiety, and loss of wages, but concluded that she "does not explain how her coworker's actions or her manager's response affected her ability to do her job." (Doc. 29 at 12).  The

2

statement that the Plaintiff "did not plead any facts showing she was seriously harmed," (doc. 29 at 15), read in context, explains why the alleged single incident, as pleaded, did not plausibly show harassment severe or pervasive enough to alter the conditions of the Plaintiff's employment. The court finds no error in the Magistrate Judge's analysis or findings.

The court further agrees with the Magistrate Judge that the Plaintiff did not plead enough facts to plausibly allege that her belief regarding unlawful employment practices was objectively reasonable. (Doc. 29 at 15). A plaintiff alleging protected activity must plead facts showing that she "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices," and that her "belief was objectively reasonable in light of the facts and record present." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1311 (11th Cir. 2016) (quoting *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997)). That objective-reasonableness inquiry is "measured by reference to controlling substantive law." *Id.* Although the reported conduct need not actually violate Title VII, it must "be close enough to support an objectively reasonable belief that it is." *Id.* (quoting *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999)).

The controlling substantive law here is Title VII's hostile work environment standard. Under that standard, the alleged harassment must be "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc). Courts consider "the frequency of the conduct," "the severity of the conduct,"

"whether the conduct is physically threatening or humiliating," and "whether the conduct unreasonably interferes with the employee's job performance." *Id.* Here, the Plaintiff alleged one incident involving recording and attempted touching, the coworker's presence at work the next day, and her reports to management and law enforcement. (Doc. 28 ¶¶ 13, 20–22, 26, 42). The SAC does not allege prior sexual comments, repeated touching, actual contact, threats, or facts showing that the incident interfered with the Plaintiff's job performance before the suspension and termination. The facts in the SAC do not plausibly allege that the reported conduct was close enough to a Title VII hostile work environment to make the Plaintiff's belief objectively reasonable. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

For these reasons, and for the reasons explained in the Magistrate Judge's recommendation, the Plaintiff has not alleged sufficient facts showing harassment severe or pervasive enough to alter her employment terms, facts establishing Magnolia Woods' liability, or facts showing that the Plaintiff engaged in statutorily protected activity under Title VII. (Doc. 29). Because the Plaintiff failed to identify an error in the Magistrate Judge's findings, and her belief regarding the coworker's conduct was not objectively reasonable under existing Title VII law, Plaintiff's objections as to Counts I and II are **OVERRULED**. (Doc. 32).

The Plaintiff alternatively requests leave to amend. (Doc. 32 at 3-4). That request is **DENIED**. The Plaintiff has already been given multiple opportunities to amend, including the opportunity to file a "SAC" after receiving assistance through the Court's Pro Se Assistance Program. (Docs. 9, 11, 26). Further amendment is not warranted.

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **OVERRULES** the Plaintiff's objections, **ADOPTS** the recommendation of the Magistrate Judge, and **DISMISSES** this action **WITHOUT PREJUDICE** for failure to state a claim.

The court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 6th day of July, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE